**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:08CV496-02-MU**

**GEORGE LEE FARLOW, JR.,**
**Plaintiff,**

**v.**

**JACK W. STEWART, Private Attorney;**
**RON MOORE, District Attorney for Buncombe County, N.C.;**
**RONALD K. PAYNE, Buncombe County Superior Court Judge; and**
**JOHN CABE, Buncombe County Deputy Sheriff,**
**Defendants.**

**ORDER**

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint under 42 U.S.C. §1983 (document # 1) and on his Motion for Recusal (document # 3), both filed October 21, 2008. For the reasons stated herein, Plaintiff's Motion for Recusal will be denied; and his Complaint will be dismissed.

By his Motion for Recusal, Plaintiff asks the undersigned to disqualify himself from hearing this action "due to bias and prejudice that the 5th and 14th [A]mendments under Due Process Of Law requires [sic] an impartial judge to insure the jurisprudence [sic] of the United States." Title 28 U.S.C. § 455(a) (2008) provides that a judge should "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." While this inquiry is an objective one, "section 455(a) does not

require recusal on the basis of suspicion or unsupported, irrational, or highly tenuous speculation." United States v. Black, 490 F. Supp.2d 630, 656 (E.D. N.C. 2007) (internal quotation and citation omitted). Indeed, to do so, "would be to set the price of maintaining the purity of appearance too high –- it would allow litigants to exercise a negative veto over the assignment of judges." Id., quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998).

In the instant case, Plaintiff has not even hinted at a basis for his assertion that the undersigned is "bias[ed]" or "prejudice[d]" against him. Accordingly, inasmuch as the instant Motion rests on Plaintiff's unsupported speculation, such Motion must be denied.

Turning now to his Complaint, under the caption of "Fraud Or Mistake and Abuse of Process" Plaintiff alleges, inter alia, that one of the defendants -- presumably Attorney Stewart, Plaintiff's former defense attorney -- by means of "deception, imposition and undue influence" defrauded Plaintiff out of "substantial cash" by allegedly requesting the payments and telling Plaintiff that they would ensure that Plaintiff received a probationary sentence; that the funds somehow were needed for a suppression hearing and for sentencing; and that the funds were needed for the purpose of somehow securing a "speedy trial," hiring various experts, and hiring a private investigator for Plaintiff's criminal case. Also under this caption, Plaintiff alleges that "[t]he Defendant

used fraud in that during jury trial, Plaintiff was on heavy medications, mind altering drugs, throughout the whole jury trial and the Defendant would not bring this to the Court's attention nor did the Courts ask if Plaintiff was on any medications, therefore, [sic] denying Plaintiff his [constitutional rights]."

Under a section captioned as "Conspiracy," Plaintiff alleges, among other matters, that he has evidence to establish that one of the otherwise unidentified "Defendant[s] was in conspiracy with a state official under the private person's act, under color of state law, to deprive Plaintiff of his [constitutional rights] . . . ." Plaintiff subsequently alleges that "the conspiracy with the District Attorney, Ron Moore[,] is apparent to a reasonable person . . . "; that another unspecified "Defendant used fraud and conspiracy, by telling Plaintiff and others that for substantial amount of cash money that the defendant was going to have dinner with the District Attorney, Ron Moore, that him [sic] and Ron Moore and Sheriff Medford were all close friends and had worked together many times, that when he got all the cash money, he could guarantee the Plaintiff would get probation."

Last, Plaintiff alleges that Defendants Moore and Payne conspired against him in that Moore stated during Plaintiff's sentencing hearing that Plaintiff had failed to pay child support "and co-conspirator Judge Payne agreed"; that "co-conspirator Judge Payne with the DA and attorney Stewart abused his

discretion and authority to sentence plaintiff in the aggravated range . . . ”; that Judge Payne used his judicial authority to violate well established North Carolina constitutional law by sentencing Plaintiff above the presumptive sentencing range; and that the Judge abused his authority by committing “plain structural error.”

Notwithstanding the fact that, to the extent they can state a claim at all, Plaintiff’s allegations sound in habeas, Plaintiff’s Complaint admonishes that “[i]n no way is the Court[]to consider this action against duration of the sentence nor conviction.” On the contrary, Plaintiff explains that “this [§] 1983 action is for 10 million in normal damages from each defendant, 10 million in punitive damages from each defendant, 10 million in compensatory damages from each defendant and all Court costs, attorney fees and whatever else this Court seems [sic] fit.” Suffice it to say, however, this Complaint must be dismissed.

Indeed, as this Court already has noted, Plaintiff’s claims sound in habeas; however, he clearly does not want such claims construed under § 2254. In any case, Plaintiff’s allegations fall far short of stating a constitutional claim for relief under § 1983.

To begin, it is well settled that “[a]n attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983.” Anderson v. Glover,

2008 WL 4427227, slip op. at 3 (D. S.C. Sept. 29, 2008); see also Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980)(affirming dismissal of 42 U.S.C. §1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); and Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. §1983 action against retained counsel). Because Plaintiff is attempting to sue his former attorney on conclusory allegations of both ineffectiveness, fraud and conspiracy, such allegations simply are not cognizable in this proceeding.

Moreover, "[i]n has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985), citing Bradley v. Fisher, 80 U.S. 335 (1872); and Stump v. Sparkman, 435 U.S. 349 (1978). To be sure, judges enjoy absolute immunity from damages claims based on judicial acts "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly," so long as such actions were not taken in the "clear absence of all jurisdiction over the subject matter." Stump, 435 U.S. at 355-56 & n.6, quoting Bradley, 80 U.S. at 351. Thus, Plaintiff's fanciful allegations against Judge Payne, which fail to show a lack of subject matter jurisdiction, also must be rejected.

Similarly, prosecutors are entitled to absolute immunity for their performance of prosecutorial functions, as contrasted with

administrative or investigatory functions. Plaintiff's conclusory allegations against Defendant Moore clearly are aimed at Moore's role as a prosecutor; therefore, those allegations must be rejected.

Finally, although Defendant Cabe is listed as a defendant to this action, Plaintiff has not set forth a single allegation against him. Consequently, Defendant Cabe also is entitled to dismissal from this action.

**NOW, THEREFORE, IT IS ORDERED** that the instant Complaint is **DISMISSED with prejudice** for Plaintiff's failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(b)(1)(A).

**SO ORDERED.**

Signed: October 31, 2008

Graham C. Mullen
United States District Judge